Patricia Ann ROBINSON and Bettie Joe Robinson, Minors, by their Father and Next Friend, James Robinson et al., Plaintiffs,

v.

Frank VOLLERT, as Superintendent of the Galveston Independent School District, Galveston, Texas, et al., Defendants-Third Party Plaintiffs-Appellees,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare et al., Third Party Defendants-Appellants.

No. 76–2804.

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1980.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Paulina M. Jacobo, Asst. Reg. Atty., Dept. of H. E. W., Dallas, Tex., Brian K. Landsberg, Dennis J. Dimsey, Attys., App. Section, Civ. Rights Div., Dept. of Justice, Washington, D. C., for F. David Mathews, et al.

Ed Schwab, III, Bryan F. Williams, Jr., Galveston, Tex., for defendants-third party plaintiffs-appellees.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion 9–10–79, 5 Cir., 1979, 602 F.2d 87).

Before GODBOLD, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

■ One issue raised by the petition for rehearing/rehearing en banc justifies discussion. The appellees assert that the panel decision conflicts with *U. S. v. Jefferson County Board of Education*, 372 F.2d 836 (CA5, 1966), *aff'd en banc*, 380 F.2d 385, *cert. denied*, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967); *Lee v. Macon County Board of Education*, 270 F.Supp. 859 (M.D. Ala.1967), *aff'd sub nom. Wallace v. U. S.*, 389 U.S. 215, 88 S.Ct. 415, 19 L.Ed.2d 422 (1968). These cases stand for the principle that, under the doctrine of separation of powers, where a school system is operating under a court-ordered desegregation plan, particularly where there has been good faith implementation of the plan by the school authorities, HEW, an executive branch of a government, may not determine that the system is not entitled to federal funds.[1] Such a determination would, in effect, disprove a court-ordered plan and impinge upon the power of the courts. *Lee*, 270 F.Supp. at 865.

In our opinion, 602 F.2d 87 at 92 and n.5, we held that we did not need to address the separation of powers argument because the record was undisputed that in 1975 GISD was not *operating* its schools under a court-ordered plan.

■ The 1961 order of the district court provided a stairstep freedom of choice plan for the Galveston Schools. The 1961 order lay quiescent for well over ten years. The proceeding in which it was entered was "closed" by the clerk of the district court in 1963. In the present proceeding, in 1976, the district court held that the clerk should not have "closed" the case. 411 F.Supp. 461 n.15. We need not explore whether the 1963 entry was a final judgment that could be set aside 13 years later, because whether or not the case was technically alive in 1975 is not determinative. What is plain beyond cavil is that in the 1970's GISD was not *operating* under the 1961 decree. At some time between 1961 and 1969 GISD abandoned the court-ordered freedom of choice plan and struck out on its own. At the hearing in the instant proceeding, counsel for GISD described proceedings of the School Board that occurred in 1969. At that time some members expressed a desire to *return* to the [1961] freedom of choice plan. A motion to *return* to freedom of choice was presented and voted down. Counsel for GISD said at trial: "And the Board, of its own initiative [in 1969], decided to go into a plan which it felt would more clearly and with more dispatch accomplish the basic purposes of the integration of the school system." Presumably this was the beginning of the neighborhood assignment plan that HEW objected to because it left (or produced) four elementary schools that were 95% or more black.

---

1. This principle is now also embraced in the statutes as the proviso to 42 U.S.C. § 2000d–5.

In 1973, when GISD was in negotiation with HEW, the agency asked the District, in writing, to state whether it was subject to the jurisdiction of a federal court in an action seeking a desegregation order, and, if so, to send HEW a copy of the order with an assurance of compliance with its terms. GISD did not submit the 1961 order but instead replied by reciting a history of school desegregation in the District and its plans for desegregation in the future. Two years later, after GISD had been advised by HEW that enforcement proceedings would be commenced against it unless it demonstrated its compliance with Title VI, the District resurrected the 1961 order as a defensive weapon.

The rationale of the separation of powers holdings in *Lee v. Macon* and *U. S. v. Jefferson County*, is that HEW, an executive agency, may not collaterally attack the sufficiency of a desegregation plan that has been approved by the final order of a court and, by finding the method is not working, terminate funds. The rationale has no application where a school district has never been held to have achieved desegregated status, has ceased to operate under the court order, and, without notice to or approval of the court and independently of the court order, has set up on its own a new and different desegregation plan that is unrelated to the plan provided in the order.

Apart from the fact that the District has not *operated* under the 1961 order, it is not in *compliance* with that order. Rather, it has conducted its affairs without regard to the order.

The petition for rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the petition for rehearing en banc is DENIED.